IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CATHY NABORS *and* MINNIE WHITE, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. H-14-9 |
| WILLIAM BRUCE, *individually and d/b/a* BB CONSTRUCTION *and* SIMPLY WHEELZ LLC *d/b/a* ADVANTAGE RENT-A-CAR, | § § § § § | |
| Defendants. | § § | |

## ORDER

Pending before the Court is Plaintiffs' Motion to Remand (Document No. 7).

Having considered the motion, submissions, and applicable law, the Court determines

the motion should be granted.

## I. BACKGROUND

This dispute arises from a June 2013 car accident in Harris County, Texas,

where it is alleged a car driven by Defendant William Bruce ("Bruce") struck the

back of a car driven by Plaintiff Cathy Nabors ("Nabors") while Nabors was stopped

at a traffic light.  The car driven by Nabors was owned by Plaintiff Minnie White

("White"), and the car driven by Bruce, a nonresident of Texas, was rented from

Defendant Simply Wheelz LLC ("Simply Wheelz"). On September 19, 2013, Nabors and White (collectively, "Plaintiffs") filed suit against Bruce and Simply Wheelz (collectively, "Defendants") in the 151st Judicial District Court of Harris County, Texas, alleging negligence and gross negligence. On January 3, 2014, Simply Wheelz removed this case to federal court on the basis of diversity jurisdiction. Plaintiffs now move to remand.

## II. STANDARD OF REVIEW

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The burden of establishing that the federal court has jurisdiction is on the party asserting jurisdiction. *Id.* A civil action that was initially filed in state court may be removed to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). A federal court has original jurisdiction over civil actions in which "the citizenship of each plaintiff is diverse from the citizenship of each defendant" and the amount in controversy exceeds $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996); 28 U.S.C. § 1332(a). All properly joined and served defendants must join in or consent to removal. 28 U.S.C. § 1446(b)(2)(A). A party opposing removal to federal court may file a motion to remand the case to state court if there is a defect in the removal procedure. *Caterpillar*, 519 U.S. at 69.

## III. LAW AND ANALYSIS

Plaintiffs in this case contest removal on the grounds that Bruce did not join in or consent to removal as required by 28 U.S.C. § 1446(b)(2)(A).[1]  Simply Wheelz does not contest the claim that Bruce did not join in or consent to removal.  Rather, Simply Wheelz contends it was not necessary for Bruce to consent to removal because Bruce was not properly served.

Under Federal Rule of Civil Procedure 4(e)(1), an individual may be served in the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  FED. R. CIV. P. 4(e)(1).  Thus, because this Court is located in Texas, Bruce may be served by following Texas law.  In Texas, "[t]he chairman of the Texas Transportation Commission is an agent for service of process on a person who is a nonresident or an agent of a nonresident in any suit against the person or agent that grows out of a collision or accident in which the person or his agent is involved while operating a motor vehicle in [Texas]."  TEX. CIV. PRAC. & REM. CODE ANN. § 17.062(a).  After being served, the Chairman of the Texas Transportation Commission (the "Chairman") mails the process to the nonresident.  *Id.* § 17.063(b).  "After the chairman deposits the copy of the process in the mail, it is presumed that

---

[1] *Plaintiffs' Motion to Remand*, Document 7 at 1–2.

3

the process was transmitted by the chairman and received by the nonresident or agent. The presumption may be rebutted." *Id.* § 17.063(d).

Plaintiffs claim Bruce was properly served through his agent, the Chairman, pursuant to the Texas statute for substitute service of nonresident motor vehicle operators.[2] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 17.062. Because this suit grows out of a motor vehicle accident involving a car driven by Bruce,[3] the Chairman is an agent of Bruce for the purposes of service. The Chairman was served as an agent of Bruce on September 26, 2013, and the Chairman provided a certificate certifying he immediately forwarded that service to Bruce by certified mail.[4] Thus, it is presumed that Bruce received service of process.[5] *See id.* § 17.063(d). Because the burden of proving removal procedure is proper falls on the party seeking removal, the burden is on Simply Wheelz to rebut the presumption, created by the Chairman's

---

[2] *See Plaintiffs' Reply to Defendant's Response to Plaintiffs' Motion to Remand*, Document No. 10, Exhibit 2 at 2 (*Texas Transportation Commission Chairman's Certificate*) [hereinafter *Chairman's Certificate*].

[3] *Notice of Removal*, Document No. 1, Exhibit A at 3 (*Plaintiff's Original Petition*).

[4] *Chairman's Certificate, supra* note 2, at 2.

[5] Under Texas law, the Chairman's certificate is evidence of service. *See Capitol Brick, Inc. v. Fleming Mfg. Co.*, 722 S.W.2d 399, 401 (Tex. 1986) ("Absent fraud or mistake, the Secretary of State's certificate is conclusive evidence that the Secretary of State, as agent of [defendant], received service of process for [defendant] and forwarded the service as required by the statute.").

certificate, that Bruce was properly served. *See Kokkonen*, 511 U.S. at 377; TEX. CIV. PRAC. & REM. CODE ANN. § 17.063. Simply Wheelz has not introduced any evidence into the record to rebut the presumption of successful service, which means Simply Wheelz has failed to carry its burden of proving the consent of Bruce was unnecessary.[6] Accordingly, because all properly served defendants must consent to removal and Simply Wheelz is unable to rebut the presumption that Bruce was properly served, in the absence of Bruce's consent to removal, the case must be remanded to state court.[7]

---

[6] Under 28 U.S.C. § 1446, notice of removal shall be filed within thirty days after being served. 28 U.S.C. § 1446(b)(1). Simply Wheelz relies, *inter alia,* on cases that hold "the removal period begins when the defendant actually receives the process, not when the statutory agent receives process." *See Perio v. Titan Mar., LLC*, No. H-13-1754, 2013 WL 5563711, at *4 (S.D. Tex. Oct. 8, 2013) (Lake, J.); *see also Barrackman v. Banister*, No. H-06-3622, 2007 WL 189378, at *1–2 (S.D. Tex. Jan. 22, 2007) (Rosenthal, J.). It is not necessary to show when the removal period started in this case because the issue is merely whether Bruce had been properly joined and served at the time of removal, not whether removal was timely.

[7] Diversity jurisdiction requires an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). Plaintiffs claim federal jurisdiction is improper because Simply Wheelz failed to establish an amount in controversy exceeding $75,000. It is not necessary for the Court to reach this issue because removal was procedurally improper due to the lack of consent by Bruce.

IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Plaintiffs' Motion to Remand (Document No. 7) is **GRANTED**.

The Court further

**ORDERS** that this case is **REMANDED** to the 151st Judicial District Court

of Harris County, Texas.

SIGNED at Houston, Texas, on this _**30**_ day of May, 2014.

DAVID HITTNER
United States District Judge

6